**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1314-23

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

LASHAWN JONES, a/k/a
LESHAWN JONES,

     Defendant-Appellant.

_____

Argued March 31, 2025 – Decided April 23, 2025

Before Judges Gummer and Berdote Byrne.

On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Indictment No. 16-05-0864.

Steven E. Braun, Designated Counsel, argued the cause for appellant (Jennifer N. Sellitti, Public Defender, attorney; Steven E. Braun, on the brief).

Nancy A. Hulett, Assistant Prosecutor, argued the cause for respondent (Yolanda Ciccone, Middlesex County Prosecutor, attorney; Nancy A. Hulett, of counsel and on the brief).

PER CURIAM

Defendant Lashawn Jones appeals from an August 31, 2023 order denying his petition for post-conviction relief ("PCR"), arguing the PCR court erred in finding he had not established a prima facie claim for relief and in failing to provide him with an evidentiary hearing. We affirm.

I.

On September 18, 2015, officers from the Perth Amboy Police Department responded to a report about an unresponsive man found on the ground. Initially believing the man had overdosed, officers administered Narcan at the scene and transported him to a nearby hospital, where it was revealed he had suffered a fractured skull and brain hemorrhage. The man succumbed to his injuries days later.

Investigators obtained surveillance footage of the scene, which showed defendant approaching the victim from behind and striking him with a closed fist. Defendant thereafter searched the victim's pockets and left the scene on foot. Officers found defendant, still wearing the clothes depicted in the video, and arrested him on an open warrant for absconding from parole. A search incident to his arrest revealed defendant had the victim's cell phone in his possession.

A-1314-23

A grand jury indicted defendant with: first-degree murder, N.J.S.A. 2C:11-3(a)(3) ("Count I"); first-degree robbery, N.J.S.A. 2C:15-1(a)(1) ("Count II"); first-degree aggravated manslaughter, N.J.S.A. 2C:11-4(a)(1) ("Count III"); and third-degree endangering an injured victim, N.J.S.A. 2C:12-1.2(a) ("Count IV"). Defendant entered into a plea agreement with the State wherein he pleaded guilty to first-degree aggravated manslaughter, which carried a maximum term of thirty years in prison, for the State's recommendation of a fifteen-year term of imprisonment, subject to eighty-five percent without parole pursuant to the No Early Release Act, N.J.S.A. 2C:43-7.2. Defendant was sentenced in accordance with his negotiated plea agreement to a term of fifteen years.

Defendant filed a direct appeal challenging his sentence, which we affirmed, concluding defendant's sentence was "not manifestly excessive or unduly punitive and [did] not constitute an abuse of discretion." State v. Jones, No. A-1008-18 (App. Div. May 7, 2019). Defendant subsequently sought review but was denied certification. State v. Jones, 240 N.J. 17 (2019).

Defendant filed this PCR petition, which the trial court denied without an evidentiary hearing, finding defendant "ha[d] not made a prima facie showing that his trial counsel's performance was substandard, []or that but for his

attorney's substandard performance his plea or trial ultimately would have produced a different result." This appeal followed.

II.

Defendant argues the PCR court erred in concluding he had failed to demonstrate a prima facie case of ineffective assistance of counsel and in doing so without an evidentiary hearing. Specifically, defendant argues he was denied effective assistance of counsel because: 1) both his trial and appellate counsel failed to argue he should receive jail credit he alleges he was entitled to; 2) his trial counsel failed to file a pre-sentencing motion to vacate his guilty plea after being denied jail credit; 3) his trial counsel failed to file a motion to suppress his statements to police and failed to move to suppress the victim's cell phone found on defendant's person; and 4) his trial counsel failed to consult a forensic pathologist to review the ultimate cause of the victim's death. Defendant also asserts his guilty plea should be vacated because it was not entered knowingly, voluntarily, or intelligently, claiming he would not have entered a guilty plea had he known he would not receive jail credit for time he was incarcerated in connection with an unadjudicated parole violation.

We review the denial of defendant's petition de novo because there was no PCR evidentiary hearing. State v. O'Donnell, 435 N.J. Super. 351, 373 (App.

4

Div. 2014). However, a PCR court's decision to proceed without an evidentiary hearing is reviewed for an abuse of discretion. State v. Brewster, 429 N.J. Super. 387, 401 (App. Div. 2013).

To establish a claim of ineffective assistance of counsel, a defendant must satisfy the two-part test from Strickland v. Washington, 466 U.S. 687 (1984). He must demonstrate: (1) "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment" and (2) "the deficient performance prejudiced the defense." Ibid. see also State v. Fritz, 105 N.J. 42, 58 (1987) (adopting the Strickland two-prong test in New Jersey).

A defendant who entered a guilty plea satisfies the first Strickland prong if he demonstrates counsel's representation fell short of the prevailing norms of the legal community. Padilla v. Kentucky, 559 U.S. 356, 366-67 (2010). The defendant proves the second prong of Strickland by establishing "a reasonable probability" the defendant "would not have [pleaded] guilty" but for counsel's errors. State v. Gaitan, 209 N.J. 339, 351 (2012) (quoting State v. Nuñez-Valdéz, 200 N.J. 129, 139 (2009)). Moreover, "[a] sentence imposed pursuant to a plea agreement is presumed to be reasonable because a defendant voluntarily '[waived] . . . his right to a trial in return for the reduction or

5                                                    A-1314-23

dismissal of certain charges, recommendations as to sentences and the like.'" State v. Fuentes, 217 N.J. 57, 71-72 (2014) (second alteration in original) (omission in original) (quoting State v. Davis, 175 N.J. Super. 130, 140 (App. Div. 1980)).

A defendant may argue an evidentiary hearing is warranted to develop the factual record in connection with an ineffective-assistance claim. State v. Preciose, 129 N.J. 451, 462-63 (1992). However, the PCR court should grant an evidentiary hearing only where: (1) a defendant is able to prove a prima facie case of ineffective assistance of counsel; (2) there are material issues of disputed fact that must be resolved with evidence outside of the record, and (3) the hearing is necessary to resolve the claims for relief. Id. at 462; see also R. 3:22-10(b); State v. Porter, 216 N.J. 343, 354 (2013).

We first dispel of defendant's contention that his guilty plea was not entered knowingly, voluntarily, or intelligently, as that contention it is belied by the record. Defendant not only signed a negotiated plea agreement, but he attested to the court at his plea hearing that he had reviewed and understood the agreement, he was aware of the charge he was pleading guilty to and its respective potential sentence, and he understood he was forfeiting his right to a trial by jury. Jail credits associated with defendants' incarceration for the

violation of parole were not promised to him in his signed plea agreement. Any argument his plea was not entered knowingly, voluntarily, or intelligently is therefore futile.

Turning to defendant's substantive arguments, we conclude defendant failed to establish a prima facie case of ineffective assistance of counsel. Defendant's main argument, that he was entitled to jail credits for the time he was incarcerated for violation of parole pending trial in this matter, was raised before the trial court during defendant's sentencing hearing, and before us on direct appeal. That procedural history not only dispels defendant's assertion his trial and appellate counsel failed to argue this issue, but also prohibits us from re-adjudicating the merits of defendant's jail-credit argument in this proceeding. R. 3:22-5. Nevertheless, we agree with the PCR court that defendant served that time in jail for violation of parole on an unrelated matter. The trial court properly found those jail credits could not be awarded against the sentence for aggravated manslaughter. The hearing on the violation of probation was deferred while this matter was pending at defendant's request, and he remained in state prison until that sentence "timed-out." Notwithstanding, at sentencing, trial counsel argued that because the parole violation had never been

7

adjudicated, the trial court should impose a twelve-year term. The lack of counsel's success in that argument does not render it ineffective counsel.

Defendant's argument alleging ineffective assistance of counsel for failing to file a motion to vacate his plea once he was not awarded the jail credits is also meritless. Defendant argues he relied on his counsel's "promise" that he would receive jail credits for 897 days against his negotiated sentence, and he would not have pleaded guilty but for this promise. However, defendant did not demonstrate that a reasonable defendant would not have pled guilty to a fifteen-year sentence—especially considering the aggravated-manslaughter charge alone exposed him to a maximum term of thirty years—in consideration for the dismissal of the remaining charges, because he believed he was to receive 897 less days in prison than his fifteen-year negotiated term. Considering the gravity of defendant's potential sentence based on his indictment, and the overwhelming video and other evidence of his guilt, trial counsel's decision to not move to vacate does not fall short of prevailing norms. Defendant's sentence, in accordance with his negotiated plea agreement, is presumed reasonable, and we find no reason to disturb that presumption.

Defendant's remaining arguments are likewise futile. The use of defendant's statements at trial is mere speculation, as defendant pleaded guilty

and forfeited his right to a jury trial, and there is no reasonable probability defendant would not have pleaded guilty. As to the victim's cell phone, recovered from defendant's person, defendant had no reasonable expectation of privacy as to property he had stolen. Cf. State v. Bohuk, 269 N.J. Super. 581, 595 (App. Div. 1994) ("[A] defendant operating an automobile known to him to have been stolen has no reasonable expectation of privacy in its contents"). Thus, any motion to suppress this evidence would have been futile as a matter of law, and defendant cannot maintain a claim of ineffective assistance of counsel on this basis. See State v. Marshall, 148 N.J. 89, 197 (1997).

Finally, defendant's argument the victim's death could have resulted from repeated administrations of Narcan rather than the harm defendant confessed he inflicted is a bald assertion, and his claim trial counsel was ineffective for failing to consult with a forensic pathologist to prove otherwise is mere speculation unworthy of remand, especially considering the victim's cause of death was determined to be from a fractured skull and related brain hemorrhage.

Moreover, because defendant did not demonstrate a prima facie claim of ineffective assistance of counsel, the PCR court properly denied defendant an evidentiary hearing. The court's findings are sound, and its legal conclusions are correct.

9

Pursuant to <u>Strickland</u>, defendant failed to satisfy his burden to show defense counsel's performance was deficient or that he would not have pleaded guilty but for counsel's alleged errors.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

*M.C. Harley*

Clerk of the Appellate Division

A-1314-23